ANACOSTIA WATERSHED SOCIETY,
et al., Plaintiffs,

v.

Bruce BABBITT, et al., Defendants.

No. 93–1286 PLF.

United States District Court,
District of Columbia.

Feb. 3, 1995.

Fern L. Shepard, Washington, DC, for plaintiffs.

Daniel Van Horn, Asst. U.S. Atty. for District of Columbia, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

■ This matter is before the Court on plaintiffs' motion for clarification of the Court's Order of December 9, 1994, 871 F.Supp. 475, or, in the alternative, to amend the judgment entered on that date pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Specifically, plaintiffs request the Court to clarify or amend its Order by setting aside as void *ab initio* the transfer of jurisdiction over portions of Anacostia Park from the National Park Service to the District of Columbia. Plaintiffs claim that such action is necessary in order to assure that the defendants will comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*, and the Court's Order.

On December 9, 1994, the Court entered an Opinion and Order declaring that defendants' actions in transferring jurisdiction over portions of Anacostia Park to the District of Columbia to facilitate construction of a National Children's Island Theme Park without first preparing an environmental impact statement or environmental assessment violated NEPA and its implementing regulations. The Court ordered that the National Park Service immediately comply with NEPA in connection with the transfer of jurisdiction. While aware of plaintiffs' request that the Court also rescind or set aside

the transfer decision, the Court chose not to do so as a part of the relief it provided. Instead it retained jurisdiction over the matter to facilitate prompt judicial review in the event either that defendants failed to comply with the Court's Order or that there was a change or threatened change in the status quo with respect to the leased land before the defendants had fully complied with NEPA.

There is no question that the National Park Service failed to follow the dictates of NEPA before transferring jurisdiction to the District of Columbia. There is also no question under the law that in now complying with the Court's Order to follow the dictates of NEPA the Park Service may not engage in *post hoc* rationalizations or reach a conclusion on the merits that is in any way influenced by the fact that the transfer of jurisdiction has already taken place. The Park Service is required to view the environmental impact of the transfer as it would have before the transfer of jurisdiction took place (except to the extent that it has become aware of any adverse environmental impact that has occurred in the interim). It is not permitted to have its judgment prejudiced by its earlier improper decision to transfer jurisdiction without complying with NEPA.

■ It does not follow, however, that the Court must set aside or rescind the transfer of jurisdiction to assure that the Park Service will meet its statutory obligation. While the Court clearly has the authority to set aside the transfer of jurisdiction, *see* 5 U.S.C. § 706(2)(D), the Court is not *required* to invalidate the agency's decision in fashioning a remedy under NEPA. As plaintiffs recognize, "the court has its traditional equitable discretion to decide an appropriate remedy based on a balance of the competing harms." Pl.Reply Mem. at 4. In many cases, rescinding an agency's action is necessary to assure that the agency can fully and fairly evaluate the environmental impact without its environmental assessment becoming futile. For example, where a highway, hotel complex or bridge is under construction, or where mining or drilling activities are underway, whatever decision the agency makes under NEPA ultimately will be fruitless unless the construction or surface-disturbing activity is halted while the agency belatedly meets its NEPA obligations. Despite plaintiffs' efforts to make the argument that this is such a case, it is not.

Justice Breyer has pointed out that an agency decision-maker is "less likely to tear down a nearly completed project than a barely started project." *Sierra Club v. Marsh*, 872 F.2d 497, 500–01 (1st Cir.1989). So far as the record in this case reflects, however, the National Children's Island Theme Park is "barely started." No development has taken place on the Anacostia Park land at issue. Not one shovel of earth has been turned, and it is not contemplated that it will be any time soon. Thus, despite the plaintiffs' best efforts to fit this situation into the cases where rescission is appropriate or essential, they have failed to do so. The Court concludes that allowing the transfer of jurisdiction to remain in effect pending completion of the National Park Service's environmental analysis poses no threat to the integrity of the NEPA process and does not preclude the Park Service from fully and fairly evaluating other alternatives for management of the Anacostia Park lands, as NEPA requires. The Court therefore declines to rescind the transfer at this time.

In reaching this conclusion, the Court relies on the following representations of the government:

> Plaintiffs have presented no evidence that defendants will fail to carry out the Court's order in good faith, and defendants expressly represent that any environmental analysis they conduct will be performed without prejudgment of the outcome. Furthermore, if the National Park Service determines, as a result of such environmental analysis, that the transfer of jurisdiction should be set aside, defendants will then take whatever steps are necessary, either in cooperation with the District of Columbia or with the aid of the Court, to restore National Park Service jurisdiction over the property.

Def.Opp. at 3. There is no evidence that the Park Service and relevant third parties will not and cannot preserve the status quo pending full compliance with NEPA or that the

government's representations are insufficient to assure that the Park Service will fully comply now. Should plaintiffs find such evidence in the future, they are free to bring those facts to the Court's attention. Indeed, that is why the Court retained jurisdiction of this matter and promised prompt judicial review "if a change in the status quo with respect to the leased land is threatened before the defendants have fully complied with the National Environmental Policy Act." Accordingly, it is

ORDERED that plaintiffs' motion for clarification of Order or, in the alternative, to amend the judgment, be and hereby is DENIED without prejudice.